HARRIS v. LEE, *Appellant.*

**Instructions:** REPETITION. The trial court commits no error in refusing to give an instruction which is substantially the same as one already given.

*Appeal from Hannibal Court of Common Pleas.*—HON. THEO. BRACE, Judge.

AFFIRMED.

*Smith v. Krauthoff* with *Geo. M. Harrison* for appellant.

Defendant's refused instruction should have been given. Story on Sales, § 313, note 2; *Little v. Page,* 44 Mo. 412; *S. W. F. & C. P. & Co. v. Stannard,* 44 Mo. 71; *Griffin v. Pugh,* 44 Mo. 326; *Parmlee v. Catherwood,* 36 Mo. 479; *Boutwell v. Warne,* 62 Mo. 350; 2 Benjamin on Sales, pp. 986, 989; *Rice v. Groffman,* 56 Mo. 434.

*Easley & Russell, D. H. Eby* and *Thos. F. Gatts* for respondent.

Defendant's refused instruction number five, was but a repetition of number one given at his instance, and was properly refused. *Palmer v. Railroad Co.*, 76 Mo. 217 ; *Anthony v. Bartholow*, 69 Mo. 186 ; *State v. Miller*, 67 Mo. 604 ; *State v. King*, 44 Mo. 238 ; *Pond v. Wyman*, 15 Mo. 175 ; *Browne v. Fire Ins. Co.*, 68 Mo. 133. Defendant's said instruction was also erroneous in that it assumed that the conditions or terms of the alleged sale were not evidenced by writing executed, acknowledged and recorded by the vendee, Price, also that Lee was a *bona fide* purchaser without notice. *Peck v. Ritchey*, 66 Mo. 114 ; *Wash. Mut., etc., v. St. Mary's Seminary*, 52 Mo. 480.

HOUGH, C. J.—This is an action for replevin for two mules, originally brought against Robert Price and the present defendant, but dismissed as to Price. The defendant denied the right of the plaintiff to the possession of the mules and averred substantially that he had purchased the same of Price for the sum of $250, believing Price was the owner thereof and without knowledge of claim thereto on the part of plaintiff. The purpose of this plea doubtless was to bring the defendant's case within the provisions of section 2505 or 2507 of the Revised Statutes, provided it should be developed in evidence that the plaintiff had made a conditional sale of the mules to Price, such as is described in the sections referred to. The testimony for the plaintiff was to the effect, that in November, 1879, he had hired the mules to Price ; that Price had never purchased them from him, and had no authority to sell them.

The testimony for the defendant tended to show that plaintiff had sold the mules to Price for $240, a portion of which sum was paid in cash, and the balance was to be paid in twelve months, and that on February 14th, 1880, he had purchased them from Price for $250, supposing

him to be the owner, and without notice that the plaintiff had any claim whatever upon them.

Such being the testimony, the only questions for the jury were, whether the plaintiff had sold the mules to Price, or had authorized Price to sell them for him. If he had made no sale to Price, absolute or conditional, and had not authorized Price to sell them for him, then the plaintiff was entitled to recover, there being no testimony whatever that Price claimed to own the mules, with knowledge on the part of plaintiff of such claim before the sale. These questions were submitted to the jury in appropriate instructions and they rendered a verdict for plaintiff. The instructions given at the request of plaintiff are not complained of in this court, but it is contended that the court erred in refusing the following instruction asked by the defendant:

5. The court instructs the jury that if they believe from the evidence that the plaintiff, Harris, sold and delivered the mules in question to Robert Price, one of the defendants, receiving part of the purchase money, the balance to be secured by a mortgage on said mules, and that Price sold and delivered said mules to Frank Lee, the property in said mules is completely vested in said Lee and the jury will so find for defendants.

So far as the issues involved in this suit are concerned, this instruction is substantially the same as the first instruction which was given for the defendant, which is as follows:

1. The court instructs the jury, that if they believe from the evidence, that the plaintiff Harris, sold and delivered the mules in question to Robert Price, one of the defendants, receiving part of the purchase money, balance to be paid at a subsequent time and that said Price sold and delivered said mules to Franklin Lee, one of the defendants, the property in said mules is completely vested in the said Lee and the jury will find for defendants.

The material question is, was there a sale of any char-

acter. The precise terms of the sale, if one was made, are unimportant in view of the testimony. All that is material in the refused instruction, is contained in the instruction given, and the court did not err in refusing it.

The judgment of the circuit court will be affirmed. All concur.